## JOHN KELLY, Appellant, v. JOHN B. FRISBIE, Respondent.

### No. 1493; December 24, 1867.

**Evidence—Parol to Vary Indorsement.**—Oral testimony is not admissible to vary the terms of a written agreement, or of an indorsement on the instrument extending the time of payment of money becoming due under the agreement, so as to make such agreement or indorsement cover a promissory note in no manner referred to in either.

APPEAL from Seventh Judicial District, Solano County.

This was an action on a promissory note and to enforce an alleged guaranty. One Vallejo had given to the plaintiff his note for three thousand dollars, with interest at ten per cent per annum, dated October 1, 1859, and payable in two years; the note was not paid at maturity. The complaint, after stating in effect thus much, went on to allege that besides this indebtedness Vallejo owed the plaintiff other moneys, and, without breaking the verbal connection, the complaint continued that the defendant, in order to obtain

for Vallejo further time for payment, executed the following paper:

"In consideration of the agreement of John Kelly to extend the time of payment of the amount due from Platou W. G. Vallejo to said Kelly for one year from this date I agree to pay at one year from this date such amount, whatever it may be, with one and a half per cent interest per month thereon from this date until paid.

"October 1st, 1860.    (Signed)   JOHN B. FRISBIE."

There was, the next year, a further extension indorsed on the paper, thus:

"The within agreement has been extended one year from date.

"Vallejo Oct. 1, 1861.

(Signed)   JOHN B. FRISBIE.
            "JOHN KELLY."

M. A. Wheaton for appellant; A. M. Currier for respondent.

SAWYER, J.—The agreement of October 1, 1860, does not include the three thousand dollar note of Vallejo, dated October 1, 1859. The second agreement of Frisbie of October 1, 1861, indorsed upon, and extending the time for, the performance of the said agreement of October 1, 1861, is, by its terms, limited to that agreement. Parol evidence would be inadmissible to show that it included the note. The complaint, therefore, does not state a cause of action, and the demurrer was properly sustained.

Judgment affirmed.

We concur: Rhodes, J.; Currey, C. J.; Sanderson, J.